IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALCOLM PINK,

                    Petitioner,

          v.                              CASE NO. 04-3252-SAC

DAVID R. MCKUNE, et al.,

                    Respondents.


## MEMORANDUM AND ORDER

This habeas corpus action, 28 U.S.C. 2254, is before the court upon petitioner's motion to proceed in forma pauperis (Doc. 11) and respondents' Motion to Dismiss (Doc. 6). Petitioner initiated this action by paying the filing fee. His motion to proceed in forma pauperis (Doc. 11) is denied because the documentation filed with the motion indicates that he has sufficient funds in his inmate account to proceed in this action.

The court ordered respondents to file an Answer and Return. Instead, respondents filed a Motion to Dismiss with supporting documents (Doc. 6), which asserts that petitioner failed to file his application for federal habeas corpus relief within the time allowed by the statute of limitations, 28 U.S.C. 2244(d)(1). Petitioner has filed a response with attachments (Doc. 9), in which he asserts that he filed his federal petition before the one-year statute of limitations expired.

**LEGAL STANDARDS**

Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition.  The limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. 2244(d)(2).

**FACTS**

Having examined all the pleadings and attachments in the file, the court finds the material facts to be as follows.  Following a jury trial, petitioner was convicted of three counts of first degree felony murder in the District Court of Sedgwick County, Kansas.  He was sentenced to three concurrent terms of life imprisonment on November 25, 1998.  He directly appealed, and his convictions were affirmed by the Kansas Supreme Court on March 9, 2001.  State v. Pink, 270 Kan. 728 (Kan. 2001).  On or about June 7, 2001, the time for filing a Petition for Certiorari in the United States Supreme Court expired without such a petition being filed; and Pink's convictions became "final" on this date.  The one-year statute of limitations for filing a federal habeas corpus action under 2254 began to run at this time.  After approximately 283 days of the limitations period had

elapsed, on March 19, 2002, Pink filed a state post-conviction motion under K.S.A. 60-1507 challenging his convictions. The statute of limitations was tolled upon the filing of this motion. The state district court denied the 1507 motion on July 19, 2002. Petitioner appealed the denial to the Kansas Court of Appeals (KCOA), and was represented by counsel. The tolling of the limitations period continued. The KCOA affirmed the denial of petitioner's 1507 motion on January 9, 2004. Pink v. State, No. 89,660 (Kan.Ct.App., unpublished). Petitioner had 30 days to file an appeal in the Kansas Supreme Court. On or about February 8, 2004, the time to appeal expired without an appeal being filed. At this time, the statute of limitations resumed running (Gibson, 232 F.3d at 804), with approximately 82 days remaining (365 - 283 = 82). It continued to run without being tolled until it expired on or about May 2, 2004. After 170 days passed from the time the running of the period had resumed, on July 29, 2004, petitioner filed a pro se motion to file a Petition for Review to the Kansas Supreme Court out of time, and for appointment of counsel. On August 3, 2004, a second motion to file a Petition for Review was filed, this time by counsel on behalf of petitioner. On August 4, 2004, both motions were summarily denied by the Kansas Supreme Court. On August 10, 2004, Pink signed the 2254 Petition filed in this case.

## DISCUSSION

Petitioner asserts in his response to the Motion to Dismiss that the limitations period should have been tolled for an additional 90 days from the date his convictions were affirmed on direct appeal by the Kansas Supreme Court - the time in which he could have filed a Petition for Certiorari to the U.S. Supreme Court, even though he did not file such an appeal. However, this 90 days was counted as tolled by respondent and by this court, as explained in the facts above. It is clear from the foregoing procedural history, that petitioner failed to file this federal habeas action before the one-year statute of limitations, set forth in 28 U.S.C. 2244(d)(1), expired.

Because Pink is proceeding pro se, this court liberally construes his arguments as a claim that the one-year period of limitations should be equitably tolled. Such tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035). To qualify for equitable tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Marsh v. Soares, 223 F.3d 1217, 1220

(10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808. Petitioner does not allege any extraordinary circumstances.

Instead, Pink alleges that his appellate public defender failed to file a timely appeal of the KCOA's affirmance of the denial of his 1507 petition. He asserts that this amounted to a denial of his right to effective assistance of counsel. Even though the Petition for Review to be timely should have been filed on or before February 8, 2004; petitioner stated in his motion to file out of time that he did not find out it was not until July 15, 2004. Petitioner alleged that the attorney who represented him before the KCOA had informed him she would file an appeal, and that he wrote her and her superior "several letters" requesting copies of the Petition for Review, but received no response. In the second motion to file out of time, Pink's attorney stated in support that "Due to a calendaring error by clerical staff, appellant's counsel inadvertently failed

to file the Petition for Review in a timely manner." She argued that refusing to allow Pink to file a Petition for Review "because of appellate counsel's failure to timely file the same" would amount to denial of effective assistance of counsel and due process.

The Tenth Circuit Court of Appeals has expressly held that regardless of whether a petitioner actually files an appeal of the denial of a state post-conviction motion, the limitations period for filing a federal habeas petition is tolled during the period in which a petitioner could have sought an appeal under state law. <u>Gibson</u>, 232 F.3d at 804, *citing* 28 U.S.C. 2244(d)(2). Thus, in this case the court tolled the limitations period for 30 days following the denial of Pink's 1507 motion by the KCOA even though petitioner did not file a timely appeal. However, the Circuit has also held that a state appellate court's decision to grant a petitioner leave to appeal out of time from the denial of post-conviction relief does not toll the limitations period from the expiration of the time to appeal to the filing of a motion for leave to file a late appeal. <u>Id</u>. The Circuit reasoned that no "properly filed application" for post-conviction relief was pending in state court, and the "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court." <u>Id</u>. It logically follows that the state court's denial of leave to file an appeal

out of time does not erase the time period during which nothing was pending. Accordingly, this court has concluded that the limitations period in Pink's case resumed running after his time to appeal the KCOA's decision lapsed and continued to run with no tolling event until it expired.

The Circuit has also considered a petitioner's argument that the delay in filing his petition was attributable to his reliance on his attorney's good faith error. The Circuit Court reasoned that, to the extent this may be construed as a claim of ineffective assistance of counsel it fails, since petitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 702, 752 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Smallwood v. Gibson, 191 F.3d 1257, 1267 FN4 (10th Cir. 1999). Further the Circuit has stated that neither a petitioner's misunderstanding nor his attorney's mistake excuses the delay. See Miller v. Marr, 141 F.3d at 978 (petitioner's lack of awareness of limitation period insufficient basis for equitable tolling); Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999) (lawyer's mistake in calculating habeas limitations period not a valid basis for equitable tolling). Moreover, the court notes petitioner is not claiming that his right to direct appeal of his convictions was

denied due to ineffective assistance of counsel, and thus the authority he relies upon involving direct criminal appeals is distinguishable.

Pink's allegations indicate that he knew a timely appeal needed to be filed and was concerned about whether or not it had been. Yet, by the time he inquired of the court and discovered it had not, the limitations period had been expired for at least 3 months. Pink's diligence in thereafter submitting a motion to file a late appeal and in filing his 2254 petition within a few days of the motion's denial was ineffectual at that point. In sum, Pink has failed to meet his burden to demonstrate that the failure to file a timely federal petition resulted from other than mere negligence or from circumstances beyond his control.

The court further finds that petitioner's claim of actual innocence is insufficiently supported to warrant invocation of equitable tolling.

For all the foregoing reasons, the court finds that respondent's motion to dismiss should be sustained and this action dismissed as time barred.

**IT IS THEREFORE BY THE COURT ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 11) is denied.**

**IT IS FURTHER ORDERED that respondents' Motion to Dismiss this action as untimely (Doc. 6) is sustained, and that this action is dismissed as time barred, and all relief denied.**

IT IS SO ORDERED.

DATED:  This 13th day of January, 2005, at Topeka, Kansas.


                          <u>s/Sam A. Crow</u>
                          U.S. Senior District Judge